**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4539

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE ALTWAN LANGFORD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry M. Herlong, Jr., District Judge.  (8:07-cr-00013)

Submitted:  October 18, 2007        Decided:  October 23, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina; Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Altwan Langford appeals his 212-month sentence following his guilty plea and conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), (b)(1)(D). Langford's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in imposing an unreasonable sentence. The Government did not file a brief, and although advised of his right to do so, Langford did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Langford suggests that the district court erred by sentencing him to a 212-month sentence. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact, and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the

proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see also Rita v. United States, ___U.S.___, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness).

"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court appropriately treated the guidelines as advisory. Langford did not object to the calculation of the guidelines range, which placed him at a total offense level of 31 and criminal history score of VI, for an advisory guidelines range of 188 to 235 months in prison. The court sentenced Langford after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Thus, we conclude that Langford's 212-month sentence, which is within the appropriate guidelines range and below the statutory maximum, is reasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Langford's conviction and sentence. This court requires that counsel inform Langford, in writing, of the right to petition the Supreme Court of the United States for further review. If

- 3 -

Langford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Langford.

We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED